IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONCEPCION PIERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-3146-S-BN |
| | § | |
| REVERSE MORTGAGE | § | |
| SOLUTIONS INC., SEATTLE | § | |
| BANK and MACKIE WOLF | § | |
| ZIENTZ & MANN PC, | § | |
| | § | |
| Defendants. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 3.

The Court GRANTS Defendant Seattle Bank's motion for reconsideration [Dkt. No. 7] and WITHDRAWS the undersigned's February 4, 2022, Findings, Conclusions and Recommendation [Dkt. No. 6]. And the undersigned now issues these amended findings of fact, conclusions of law, and recommendation that Defendants Reverse Mortgage Solutions, Inc. ("RMS") and Mackie Wolf Zientz & Mann, P.C. ("MWZM") were improperly joined and should be dismissed without prejudice. With the dismissal of the improperly-joined defendants, complete diversity of citizenship exists between all properly-joined parties, and this Court has subject matter jurisdiction.

-1-

## Background

On December 6, 2021, Plaintiff Concepcion Pierson filed suit in 116th Judicial District Court of Dallas County, Texas, against RMS, Seattle Bank, and MWZM after she received a notice concerning possible foreclosure on real property. *See* Dkt. No. 1-1 at 9-18, 23-33. She alleges that she inherited the property through her late husband, who bequeathed the property to her in his Last Will and Testament. *See id.* at 11. She further alleges that Defendants' efforts to pursue foreclosure of the property ignore her alleged ownership interests in the property, *see id.* at 11-12, her ownership interest in the property is superior to Defendants', and her alleged inherited ownership rights divested Defendants of their lien or ownership interests, *see id.* at 14-15.

In addition to applications for injunctive relief, Plaintiff asserted claims against all three Defendants for declaratory judgment to determine who has superior title to the property, wrongful foreclosure, and an action to set aside foreclosure. *See id.* Plaintiff alleges that she, RMS, and MWZM are citizens of Texas and that Seattle Bank is a citizen of Washington. *See id.*

On December 7, 2021, the state court issued a temporary restraining order to stop the foreclosure sale scheduled for later that day. *See* Dkt. No. 1-1 at 53-55.

Seattle Bank timely removed the case to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. *See* Dkt. No. 1.

In its notice of removal, Seattle Bank argues that RMS and MWZM were improperly joined and that there is complete diversity of citizenship between all

properly-joined parties. *See id.*

The Court ordered Plaintiff to file a brief by January 18, 2022, explaining whether RMS and MWZM were improperly joined and should be dismissed from this lawsuit. *See* Dkt. No. 4. Plaintiff failed to do so, and the time for filing jurisdictional briefing has passed.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). And a defendant may remove a case that includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331) and a claim not within the Court's original or supplemental jurisdiction or that has been made nonremovable by statute, so long as the action would be removable without the inclusion of the nonremovable claim. *See id.* § 1441(c)(1). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity

jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship, and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), (b). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). And, where diversity jurisdiction requires that the parties be "citizens of different States," 28 U.S.C. § 1332(a)(1), the Court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant, *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Inc. Co.,* 243 F.3d 912, 919 (5th Cir. 2001).

"If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575.

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Where there is no dispute or allegation of actual fraud concerning the fact that both plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Under this second prong of the improper-joinder test, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood*, 385 F.3d at 573. "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.* at 573 n.9 (internal quotation marks omitted).

But the United States Court of Appeals for the Fifth Circuit has further instructed that, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction," such that "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient" and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Id.* at 575; *see also id.* at 574 (explaining that, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a

lawsuit lacking in merit" and that, "[i]n such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper" and, "[i]n such circumstance, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such").

But this "common defense" exception to the improper joinder rule "is implicated only when the common defense asserted would be equally dispositive as to *all* of the defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 184 (5th Cir. 2005) (citing *Rainwater v. Lamar Life Ins. Co.,* 391 F.3d 636, 638 (5th Cir.2004) (per curiam) (emphasis in original)). Accordingly, if the "court concludes that the common defense proffered would not dispose 'of every claim against every defendant,'" it "should continue to deny remand and proceed with the proper disposition of the case." *Id.* (citations omitted).

Ordinarily, the court must conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to

proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

In making the improper-joinder determination, the Court will "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "any ambiguities of state law in the plaintiff's favor" and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (internal quotation marks omitted); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205–06 (5th Cir. 1983)).

The Fifth Circuit has clarified that the federal pleading standard, not a state pleading standard, applies to determine whether a nondiverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016) (abrogating three *post-Smallwood* Fifth Circuit cases applying a state pleading standard instead the federal pleading

-8-

standard). The "12(b)(6)-type analysis ... is shorthand for the federal pleading standard itself ... promulgated by the Supreme Court in the *Bell v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

## Analysis

I.     <u>RMS was improperly joined.</u>

Plaintiff's claims against RMS for wrongful foreclosure or to set aside foreclosure are barred as moot under a Rule 12(b)(6) analysis because no foreclosure sale has occurred. *See Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 932 (N.D. Tex. 2014). Based on the facts set forth in the petition, Plaintiff has not pled that a foreclosure sale has occurred but, instead, seeks injunctive relief to prevent a foreclosure sale. And the record shows that Plaintiff obtained a restraining order preventing the foreclosure sale scheduled for December 7, 2021. *See* Dkt. No. 1-1 at 53-55. Because no foreclosure sale had occurred at the time this suit was brought, Plaintiff cannot establish claims against RMS for wrongful foreclosure or to set aside foreclosure. *See Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017). This ground for Rule 12(b)(6) dismissal applies equally to the wrongful foreclosure claim and the claim to set aside foreclosure that Plaintiff has alleged against all of the defendants, including the diverse and removing defendant Seattle Bank. But the complete-defense rule announced in *Smallwood*, 385 F.3d at 575, does not apply where, as here, this basis for dismissal does not apply to all claims against RMS. *See McDonal*, 408 F.3d at 184; *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M-BH, 2012 WL 5409735, at *5 (N.D. Tex. Oct. 12, 2012).

Plaintiff's other claim seeks a declaration of rights as to who has superior title to the property. In her petition, Plaintiff alleges that she contacted RMS about her rights to the property after she received a notice concerning possible foreclosure. *See* Dkt. No. 1-1 at 12, 26. A publicly-recorded assignment conveying the deed of trust on the property to Seattle Bank identifies RMS as the mortgage loan servicer. *See id.* at 66-68.

Although RMS, the loan servicer, acts on behalf of Seattle Bank, the current mortgagee, it is not a necessary party for the declaratory relief sought in this case. If RMS were not a party, the Court could enter a final judgment, assuming Plaintiff prevails, against Seattle Bank, giving Plaintiff the declaration of property rights she seeks. *See Schmelzer v. Nationstar Mortgage, LLC*, No. 4:16-CV-389, 2016 WL 4368735, at *4 (E.D. Tex. Aug. 16, 2016) (holding mortgage servicer is improperly joined in suit to declare mortgage lender's lien invalid).

II.    MWZM was improperly joined.

Plaintiff identifies MWZM as "Trustee Services" and alleges, on information and belief, that it is the substitute trustee. *See* Dkt. No. 1-1 at 10. Plaintiff does not allege any other specific facts about MWZM. To the extent that Plaintiff is alleging MWZM was the substitute trustee for the foreclosure sale scheduled for December 7, 2021, and for the reasons stated above, Plaintiff cannot state a plausible claim against MWZM in that capacity.

Nor can she state a claim against MWZM in its capacity of legal counsel representing its clients in this case. In Texas, a law firm has immunity for "its acts

as foreclosure counsel." *Rojas v. Wells Fargo Bank, N.A.,* 571 F. App'x 274, 278 (5th Cir. 2004); *Chapman Children's Trust v. Porter & Hedges, L.L.P.,* 32 S.W.3d 429, 441 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) ("attorney's conduct is not actionable even if it is frivolous or without merit as long as the attorney's alleged conduct was part of discharging his duties in representing his client."). In *Rojas,* the plaintiff appealed the district court's dismissal of her claims against a foreclosure counsel, who allegedly misrepresented the holder of the note and substitute trustee in its foreclosure notices. *See Rojas v. Wells Fargo Bank, N.A.,* No. A:13–CA–291–SS, Dkt. No. 16 at ¶¶ 10–12 (W.D. Tex. May 17, 2013). The United States Court of Appeals for the Fifth Circuit affirmed the district court's dismissal and held that the foreclosure counsel were immune from liability and, therefore, improperly joined. *See Rojas,* 571 F. App'x at 278.

Accordingly, for the reasons explained above, the undersigned concludes that there is no reasonable basis to predict that Plaintiff might be able to recover in state court against Defendants RMS and WMZM and that these defendants were improperly joined in their capacities as loan servicer and legal counsel, respectively. And because they were improperly joined, their consent was not required for removal. *See Vasquez v. Wal-Mart Associates, Inc.*, No. 3:11-cv-2739-G, 2012 WL 2715691, at *2 (N.D. Tex. July 9, 2012) ("a removing defendant is not required to obtain the consent of any defendant who has been improperly joined") (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)). And because RMS and WMZM were improperly joined, they should be dismissed without prejudice. *See*

*Int'l Energy Ventures,* 818 F.3d at 209 (5th Cir. 2016) ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party.")

## Recommendation

The undersigned concludes that Defendants Reverse Mortgage Solutions, Inc. and Mackie Wolf Zientz & Mann, P.C. were improperly joined and should be dismissed without prejudice, and that, with the dismissal of Defendants Reverse Mortgage Solutions, Inc. and Mackie Wolf Zientz & Mann, P.C., complete diversity of citizenship exists, and the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error.
*See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE