IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONCEPCION PIERSON, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-3146-S-BN |
| REVERSE MORTGAGE SOLUTIONS INC., SEATTLE BANK, and MACKIE WOLF ZIENTZ & MANN PC, | § § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 3.

Defendant Seattle Bank has filed a motion to dismiss for failure to state a claim. *See* Dkt. No. 9. Plaintiff Concepcion Pierson has filed a response, *see* Dkt. No. 21, and Seattle Bank has filed a reply*, see* Dkt. No. 23.

For the following reasons, as explained below, the undersigned recommends that the Court grant the motion to dismiss.

**Background**

Plaintiff filed suit in state court on December 6, 2021, against Seattle Bank and others to forestall foreclosure on real property scheduled for the next day. *See*

1

Dkt. No. 1-1 at 9-18, 23-33. She alleges that she inherited the property through her late husband, who bequeathed the property to her in his Last Will and Testament. *See id*. at 11. She further alleges that Seattle Bank's efforts to pursue foreclosure of the property ignore her alleged ownership interest in the property, *see id*. at 11-2, her ownership interest in the property is superior to Seattle Bank's, and her alleged inherited ownership rights divested Seattle Bank of its lien or ownership interests, *see id*. at 14-15. In addition to applications for injunctive relief, Plaintiff asserts claims for declaratory judgment to determine who has superior title to the property, wrongful foreclosure, and an action to set aside foreclosure. *See id*.

Seattle Bank timely removed the case to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. *See* Dkt. No. 1. In its notice of removal, Seattle Bank argued that the other defendants had been improperly joined to defeat diversity jurisdiction. *See id*. The Court agreed and dismissed Plaintiff's claims against those defendants. *See* Dkt. No. 11. Seattle Bank is the only remaining defendant.

Seattle Bank now seeks a Rule 12(b)(6) dismissal of Plaintiff's claims. *See* Dkt. No. 9. Seattle Bank argues that Plaintiff's claims for wrongful foreclosure and to set aside foreclosure should be dismissed because there was no foreclosure sale, her claim for declaratory judgment should be dismissed because Plaintiff inherited the property subject to Seattle Bank's lien, and her claim for injunctive relief should be dismissed because Plaintiff fails to state any valid claims.

Plaintiff filed a response with no substantive arguments. *See* Dkt. No. 21. Instead, Plaintiff attaches the same affidavit that was attached to the original

2

petition to her response and directs the Court to it to discern the factual basis and plausibility of her claims. *See id.*

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not

3

bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally."

*Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other

5

sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I. Plaintiff's claims for wrongful foreclosure and to set aside foreclosure are moot and should be dismissed with prejudice.

Plaintiff's claims against Seattle Bank for wrongful foreclosure or to set aside foreclosure are barred as moot under a Rule 12(b)(6) analysis because no foreclosure sale has occurred. *See Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 932 (N.D. Tex. 2014). Based on the facts set forth in the original petition, Plaintiff has not pled that a foreclosure sale has occurred but, instead, seeks injunctive relief to prevent a foreclosure sale. And the record shows that Plaintiff obtained a restraining order preventing the foreclosure sale scheduled for December 7, 2021. *See* Dkt. No.

1-1 at 53-55. Because no foreclosure sale had occurred at the time this suit was brought, Plaintiff cannot establish claims against Seattle Bank for wrongful foreclosure or to set aside foreclosure. *See Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017).

Because Plaintiff cannot state a claim for wrongful foreclosure or to set aside foreclosure, those claims should be dismissed with prejudice.

II.    Plaintiff's claim for declaratory judgment should be dismissed.

    A.    Plaintiff's interest in the property is subject to Seattle Bank's lien.

Plaintiff alleges that she inherited the property through her late husband, Dale Pierson, who bequeathed the property to her in his Last Will and Testament, *see* Dkt. No. 1-1 at 33, and that Seattle Bank's efforts to pursue foreclosure of the property ignore her alleged ownership interest in the property, *see id.* at 28-29. In her claim for declaratory judgment, Plaintiff seeks a declaration that her alleged ownership interest in the property is superior to that of Seattle Bank and that her alleged inherited ownership rights divested Seattle Bank of its lien or ownership interest. *See id.* at 15.

Surviving spouses and heirs of an estate inherit real property subject to the decedent's debts, which constitute liens against the property. *See* TEX. PROP. CODE § 13.001(b) (heirs inherit real property subject to recorded deeds of trust); TEX. EST. CODE § 101.051 (formerly codified at TEX. PROB. CODE § 37.001); *see also Perkins v. Cain's Coffee Co.*, 466 S.W.2d 801, 803 (Tex. Civ. App. – Corpus Christi 1971, no writ) (under Texas Probate Code Section 37, property of the decedent received by the

heirs is subject to payment of the debts of the decedent, and such debts constitute a lien on the estate). Here, the assignment of the original deed of trust from Reverse Mortgage Solutions, Inc. to Seattle Bank was properly recorded. S*ee* Dkt. No. 1-1 at 66-68.

Plaintiff fails to state a claim for declaratory judgment because her inheritance does not divest Seattle Bank of its lien interest in the property. The Court should dismiss with prejudice Plaintiff's claim for declaratory judgment

B.  Plaintiff fails to state a claim for trespass to try title.

Construing Plaintiff's original petition liberally, Plaintiff's declaratory judgment claim may based on an underlying trespass-to-try-title claim. See Dkt. No. 1-1 at 28-29.

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE § 22.001. To prevail on a trespass-to-try-title claim, a plaintiff must "usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman,* 133 S.W.3d 262, 265 (Tex. 2004). "[T]he plaintiff must recover upon the strength of [her] own title and not the weakness of the defendant's title." *Rocha v. Campos,* 574 S.W.2d 233, 236 (Tex. App. – Corpus Christ 1978, no writ) (citing *Hejl v. Wirth,* 161 Tex. 609, 610, 343 S.W.2d 226, 227 (1961); *Kauffman v. Shellworth,* 64 Tex. 179 (1885)).

Plaintiff alleges that she obtained superior title through a regular chain of

-8-

conveyances from the sovereign to her. *See* Dkt. No. 1-1 at 29. But she also states that "title to the home property is now listed as the Estate of Dale Pierson." *Id.* at 25.

Plaintiff fails to allege sufficient facts to establish that she is the owner of the property, much less that she acquired it through a regular chain of conveyances or has superior title. To the extent Plaintiff asserts a trespass-to-title claim, that claim should be dismissed with prejudice.

III. Plaintiff's claims for injunctive and declaratory injunctive relief should be dismissed because she does not allege any valid underlying claims.

Plaintiff states a claim for a "Temporary Restraining Order, Temporary Injunction and Permanent Injunction." *See* Dkt. No. 1-1 at 12-14. The state court granted Plaintiff's request for a temporary restraining order on December 7, 2022. See id. at 51-53. And, as discussed above, she also seeks a declaratory judgment.

Because Plaintiff's substantive claims should be dismissed, Plaintiff has not stated a claim for declaratory or injunctive relief. Where a Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for declaratory or injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Plaintiff's claims for a declaratory judgment, temporary injunction or permanent injunction should be dismissed without prejudice.

**Recommendation**

Defendant Seattle Bank's Motion to Dismiss Pursuant to Federal Rule of Civil

-9-

Procedure 12(b)(6) [Dkt. No. 9] should be granted, Plaintiff's claims for wrongful foreclosure, to set aside foreclosure and trespass-to-try-title should be dismissed with prejudice, and Plaintiff's claims for declaratory and injunctive relief should be dismissed without prejudice. The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice. *See Johnson*, 999 F. Supp. 2d at 935.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE